IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| INTELLIGENT AGENCY, LLC, | § | |
| | § | |
| Plaintiff, | § | Case No. 6:20-cv-00039-ADA |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| NEIGHBORFAVOR, INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT NEIGHBORFAVOR'S RULE 12(B)(6) MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A
CLAIM UPON WHICH RELIEF CAN BE GRANTED**

**TABLE OF CONTENTS**

Page

I.      STATEMENT OF FACTS ............................................................................................... 2

II.     ARGUMENT .................................................................................................................. 3

        A.    Legal Standard for Pleading Claims of Patent Infringement. .................................. 3

        B.    Count II of the SAC Concerning the '035 Patent is Deficient and Should be
              Dismissed. ........................................................................................................ 5

        C.    Count III of the SAC Concerning the '476 Patent is Deficient and Should be
              Dismissed. ........................................................................................................ 8

        D.    Count I of the SAC Concerning the '610 Patent is Deficient and Should be
              Dismissed. ...................................................................................................... 11

III.    CONCLUSION ............................................................................................................ 13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*AFG Indus., Inc. v. Cardinal IG Co., Inc.*,
  239 F.3d 1239 (Fed. Cir. 2001)...........................................................................................12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)................................................................................................................3

*Atlas IP LLX v. Pacific Gas and Electric Co.*
  Civ. No. 15-cv-05469-EDL, 2016 WL 1719545 (N.D. Cal. Mar. 9, 2016) ........................4, 8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)............................................................................................................3, 7

*Benton v. Whitesell-Green, Inc.*,
  Civ. No. 6:19-cv-00241-ADA-JCM, 2020 WL 96906 (W.D. Tex. Jan. 8, 2020) ...............3, 4

*De La Vega v. Microsoft Corp.*,
  Civ. No. W-19-cv-00612-ADA, Dkt. 29 (W.D. Tex. Feb. 11, 2020)..................................4, 13

*Macronix Intern. Co., Ltd. v. Spansion, Inc.*,
  4 F. Supp. 3d 797 (E.D. Va. 2014) ...................................................................................7, 10

*McRo, Inc. v. Rockstar Games, Inc.*,
  Civ. No. 12-1513-LPS-CJB, 2014 WL 1051527 (D. Del. Mar. 17, 2014)........................7, 10

*Multilayer Stretch Cling Film Holdings, Inc. v. Berry Plastics Corp.*,
  831 F.3d 1350 (Fed. Cir. 2016)............................................................................................12

*Novitaz, Inc. v. inMarket Media, LLC*,
  Civ. No. 16-cv-06795-EJD, 2017 WL 2311407 (N.D. Cal. May 26, 2017).......................7, 11

*Varian Med. Sys. v. Elekta AB*,
  C.A. No. 15-871-LPS, 2016 WL 3748772 (D. Del. July 12, 2016) ...................................4, 10

STATUTES

35 U.S.C. § 101..........................................................................................................................2

Defendant NeighborFavor, Inc. is a wholly-owned subsidiary of H-E-B, LP. NeighborFavor, which was founded in Austin in 2013, operates the Favor delivery service. The Favor service connects people placing on-demand orders for food, beverages and other products with independent couriers, known as "Runners," who fulfill those orders. This lawsuit, which comes at a time when NeighborFavor is providing an essential service of mobile food delivery to Texans statewide during the Covid-19 pandemic, is the first time that NeighborFavor has ever been sued by anyone for patent infringement.

The plaintiff in this lawsuit is Intelligent Agency, LLC ("IA"). IA has an address in Irving, Texas and has asserted three patents in this lawsuit, attached as Exhibits, A, B, and C. IA is owned by Frederico Fraccaroli, and Mr. Fraccaroli is also the named inventor on the three patents. Mr. Fraccaroli is a licensed attorney with the State Bar of Texas and is also a registered patent attorney. Mr. Fraccaroli self-prosecuted the patent applications for the asserted patents before U.S. Patent and Trademark Office. Mr. Fraccaroli's LinkedIn profile states that he was employed as a "Legal and IP Director" by Nokia, Inc. until January 2013, which means that Mr. Fraccaroli applied for two of the three asserted patents while he was legal counsel for Nokia. The patents, to the extent that they can be understood, generally relate to location-based interaction involving multiple parties. The claims of the three patents are complex, confusing, and not easy to read or understand.

NeighborFavor has filed this Rule 12(b)(6) motion as a last resort. NeighborFavor has worked with IA to encourage IA to file a complaint that meets the pleading standards for patent infringement actions so that NeighborFavor can have at least some minimum degree of notice as to how NeighborFavor allegedly infringes the three asserted patents. In particular, NeighborFavor has encouraged IA to file a complaint that (a) identifies at least one allegedly infringed claim for each asserted patent and (b) clearly alleges how each claim element of that allegedly infringed

claim is practiced by NeighborFavor's product or services.  Because IA's Second Amended Complaint ("SAC") does not meet that low bar, NeighborFavor respectfully requests that this Court dismiss IA's SAC.[1]

## I.    STATEMENT OF FACTS

IA filed this lawsuit on January 21, 2020.  Dkt. No. 1.  IA served its Original Complaint (Ex. D) on NeighborFavor, and NeighborFavor's response date was set for April 27, 2020.  IA's Original Complaint did not identify an allegedly infringed claim of any of the three asserted patents and did not compare the language of any claim of any of the three asserted patents to any product or service of NeighborFavor.  Before the due date for NeighborFavor's response to IA's Original Complaint, NeighborFavor prepared and transmitted to IA a draft Rule 12(b)(6) motion to dismiss IA's complaint for failing to meet the standards for pleading patent infringement.  In response to the draft motion, IA agreed to file a First Amended Complaint (Ex. E) and did so on April 25, 2020.  Dkt. No. 10.

Although IA's First Amended Complaint did identify one allegedly infringed claim of each patent, the infringement allegations in the First Amended Complaint were still deficient.  Notably, the allegations of infringement were, in large part, rote repetitions of the stilted language of the claims.  *See* Ex. E.

Counsel for NeighborFavor conferred at length with counsel for IA about the sufficiency of the First Amended Complaint, including a lengthy telephone call on May 4, 2020.  During that

---

[1]   The claims of the asserted patents are not directed to patentable subject matter and are therefore invalid under 35 U.S.C. § 101.  Although NeighborFavor does not plan to bring a motion to dismiss under Rule 12(b)(6) for lack of patentable subject matter, NeighborFavor does not waive its defense under Section 101.  If this case is not dismissed pursuant to this motion, NeighborFavor will raise unpatentability under Section 101 in its Answer and in its invalidity contentions.

telephone call, counsel for NeighborFavor identified numerous instances in which the allegations of infringement were simply word-for-word restatements of the language of the claims.  After this call, IA indicated that it would file a SAC.  To accommodate the filing of a SAC, NeighborFavor filed an unopposed motion to extend its response date to the First Amended Complaint from May 11 to May 26.  *See* Dkt. No. 11.  IA finally filed its SAC (Ex. F) on May 25, 2020.  *See* Dkt. No. 12.  Now, despite two second-chances to file a sufficient pleading for patent infringement, IA's infringement allegations in the SAC are still deficient.

## II.    ARGUMENT

Each count of patent infringement is deficient.  IA's SAC fails to allege that every element of at least one asserted claim is practiced by an allegedly infringing product or service of NeighborFavor.  Despite two additional tries to get it right, IA is either unable or unwilling to identify *how* each claim element of at least one claim of each asserted patent is practiced by NeighborFavor.  Instead, the SAC repeats the confusing language of the claims without specifying *how* that claim language is satisfied in any product or service of NeighborFavor.  *See generally*, Ex. F at ¶¶ 47-137.

### A.  Legal Standard for Pleading Claims of Patent Infringement.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "In evaluating the sufficiency of Plaintiff's complaint, the Court [] use[s] the two-step approach outlined in *Iqbal*.  First, the Court must identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of the truth."  *Benton v. Whitesell-Green, Inc.*, Civ. No. 6:19-cv-00241-ADA-JCM, 2020 WL 96906, at *3 (W.D. Tex. Jan. 8, 2020) (internal citations

omitted).  "Under the second step, the Court must consider whether the factual allegations that have been asserted in the complaint plausibly suggest an entitlement to relief."  *Id.*  In the context of a patent action, showing an entitlement to relief means that a complaint must "sufficiently articulate *how* [the] use of the product can be said to constitute infringement of at least [one] claim [] of the patent-in-suit."  *Varian Med. Sys. v. Elekta AB*, Civ. No. 15-871-LPS, 2016 WL 3748772, at *4 (D. Del. July 12, 2016) (emphasis in original).

District courts have held that a claim of patent infringement that does not address all the claim elements of an asserted claim does not meet the Rule 12(b)(6) threshold.  For example, in *Atlas IP LLX v. Pacific Gas and Electric Co*., the district court found that "simply reciting some of the elements of a representative claim and then describing generally how an accused product operates, without specifically tying the operation to any asserted claim ***or addressing all of the claim requirements***, is insufficient."  Civ. No. 15-cv-05469-EDL, 2016 WL 1719545, at *2 (N.D. Cal. Mar. 9, 2016) (emphasis added).  In *De La Vega v. Microsoft Corp.*, this Court held that a complaint did not meet the required pleading standards because the complaint failed to (a) identify the actors who practiced each element of the allegedly infringed claim; (b) describe how the allegedly infringing products met a "coupling" limitation of the allegedly infringed claim; and (c) provide any description of how the allegedly infringing products met yet another allegedly infringed claim.  Civ. No. W-19-cv-00612-ADA, Dkt. 29, pp. 4-14 (W.D. Tex. Feb. 11, 2020) ("Because Plaintiff does not include eve a short written description of how the accused instrumentalities meet the 'coupling' limitation, his complaint fails to state a claim upon which relief can be granted").  The allegations here are like those found deficient in *Varian*, *Atlas IP,* and *De La Vega*.  IA does not address all of the claim elements and explain *how* each claim element is satisfied by the operation of a product or service of NeighborFavor.

4

Below, we address the deficiencies in the allegations for Counts I, II, and III.  We will

address Counts II and III first because of the similarity of their deficiencies.  We will then address

Count I, which includes claim language in the form of a *Markush* group.

**B.     Count II of the SAC Concerning the '035 Patent is Deficient and Should be Dismissed.**

Count II of the SAC alleges infringement of claim 8 of U.S. Patent No. 9,439,035 ("the

'035 patent") (Ex. A).  *See id.* at ¶¶ 81-112.  Claim 8 of the '035 patent is:

> 8. A computer system having a set of instructions stored in at least one non-transitory computer-readable medium for controlling at least one digital computer in performing desired functions comprising a set of instructions formed into each of a plurality of modules, each modules comprising:
>
> a process for at least partially facilitating compiling by a computer apparatus **a set of attributes** related to a first user who belongs to a predetermined group and is determined to be positioned in proximity to other users who also belong to said predetermined group, **whereby a set density of members of said predetermined group is achieved**; and
>
> a process for facilitating providing indicia, subject to said **first user's settings**, of at least one subset of said set of attributes related to said first user to at least a second user selected from the group consisting of: a user who contributes to achieving set density of members of said predetermined group, a user who does not contribute to achieving set density of members of said predetermined group;
>
> wherein said subset of said set of attributes comprises a real time presence attribute associated with a session area.

*See* Ex. A at col. 19:28-51 (emphases added).  This claim, like the asserted claims in the other two

patents, is a perplexing combination of words and phrases that is is a challenge to puzzle out.  For

the sake of brevity, this motion will focus on only the most egregious examples of pleading

deficiencies in the SAC, and those are set out in claim 8 in the bolded phrases above.

The SAC does not allege how the bolded claim elements above are practiced by

NeighborFavor.  For example, claim 1 requires a "computer system" for controlling "at least one

digital computer in performing desired functions comprising a set of instructions formed into each

of a plurality of modules."  Each of the modules must include two processes.  The first process is
"a process for partially facilitating compiling by a computer apparatus **a set of attributes** related
to a first user . . ."  The SAC does not identify how NeighborFavor's computer apparatus compiles
the **set of attributes** or what **attributes** are included by NeighborFavor in the **compiled set of
attributes**.  The SAC's most cogent explanation concerning the **set of attributes** is reproduced
below, where SAC alleges that the "Favor Software Processes . . . at least partially facilitate
compiling . . . certain attributes":

> 89.    According to Claim 8 of the '035 Patent, each of the modules comprises a set of
> processes.   The processes include a process for at least partially facilitating compiling by a
> computer apparatus a set of attributes related to a first user who belongs to a predetermined
> group and is determined to be positioned in proximity to other users who also belong to the
> predetermined group, whereby a set density of members of the predetermined group is achieved.
>
> 90.    On information and belief, the Favor Software Modules comprise certain software
> processes ("Favor Software Processes").
>
> 91.    On information and belief, the Favor Software Processes include a process for at
> least partially facilitating compiling, by the Favor Servers, certain attributes.
>
> 92.    On information and belief, at least certain of the attributes compiled by the Favor
> Servers running the Favor Software Processes relate to Favor users.

*See* Ex. F at ¶¶ 89-96.  Although this passage uses the word "attributes," a reader cannot learn from
the SAC what "**set of attributes**" are compiled by the computer apparatus that allegedly infringes
the '035 patent.  All that IA alleges that the attributes are "certain" attributes, which is no help at
all.  The SAC simply does not include any allegation as to what the "**set of attributes**" is or how
it is compiled.

      The SAC also does not specify what feature in NeighborFavor's system constitutes a "**set
density**" or how a "**set density of members of said predetermined group is achieved**" in
NeighborFavor's system.  Instead, IA simply repeats the phrase "**set density**" without explaining

what a "**set density**" is or how a "**set density**" is "achieved." *See* Ex. F at ¶¶ 89-96. Similarly, the SAC does not describe what feature of NeighborFavor's system constitutes a "**first user's settings**." *See id.* at ¶¶ 97-104. Instead, IA states in a conclusory manner that the claim elements are met by repeating the language of those claim elements, with no allegation of what the "**first user's settings**" are or how the "**first user's settings**" are used as part of the "process for facilitating providing indicia." *See id.* at ¶¶ 104.

It is well established that repeating the language of the claim is not a sufficient allegation of patent infringement. *See McRo, Inc. v. Rockstar Games, Inc.*, Civ. No. 12-1513-LPS-CJB, 2014 WL 1051527, at *6 (D. Del. Mar. 17, 2014) ("[A] re-phrasing of a portion of the language of Claim 1 . . . is really not much different from a bland statement that an entity has taken some unspecified action to practice a 'method claimed' in the patents-in-suit."), report and recommendation adopted, 2014 WL 1677366 (D. Del. Apr. 24, 2014); *Macronix Intern. Co., Ltd. v. Spansion, Inc.*, 4 F. Supp. 3d 797, 804 (E.D. Va. 2014) ("[T]he [First Amended Complaint] simply alleges that each element of a cited claim is infringed and then parroted the claim language for each element. That simply does not satisfy the notice and showing requirements of Rule 8(a) as interpreted by *Twombly* and *Iqbal*."); *see also Novitaz, Inc. v. inMarket Media, LLC*, Civ. No. 16-cv-06795-EJD, 2017 WL 2311407, at *4 (N.D. Cal. May 26, 2017). These threadbare recitals of legal elements that are only supported by conclusory statements should be afforded no weight. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Because the SAC does not identify what feature or component of NeighborFavor's system constitutes a "**set of attributes**," a "**set density**," or a "**first user's settings**," Count II of the IA is

deficient and should be dismissed.  *See Atlas IP*, Civ. No. 15-cv-05469-EDL, 2016 WL 1719545, at *2-3 (N.D. Cal. Mar. 9, 2016).

### C.   Count III of the SAC Concerning the '476 Patent is Deficient and Should be Dismissed.

Count III of the SAC, which alleges infringement of claim 1 of U.S. Patent No. 9,894,476 ("the '476 patent") (Ex. B), suffers from the same deficiencies as Count II.  *See* Ex. F at ¶¶ 113-137.  Claim 1 of the '476 patent recites:

1. A method comprising:

facilitating discovery of indicia of a session area via a location aware mobile application; wherein:

a)   said session area is anchored to **at least one reference point**;

b) said session area exhibits at least one first set of spatial boundaries associated with said at least one reference point;

c) said session area is associated with at least one time-related parameter defining **at least one functionality connected with said session area**;

d) said discovery of indicia of said session area is facilitated, at least in part, based on assessment of a distance data from said at least one reference point;

facilitating association with said session area of at least one user among a first plurality of users based, at least in part, on a distance parameter from said at least one reference point;

facilitating selectively enabling the activation of a second plurality of users by an authority, wherein said activation facilitates the association of said second plurality of users with said first plurality of users;

facilitating enabling **at least one interactive networking functionality** for said at least one user among said first plurality of users, wherein said at least one user among said first plurality of users selectively receives indicia of at least one user among said second plurality of users;

facilitating determining which user among said second plurality of users has **the strongest connection** with said reference point based, at least in part, on that user's location;

facilitating activating a timer associated with said one user among said second plurality of users such that if a task is not accomplished by said one user among said second plurality of users within the expiration of said timer, an association with said at least one user among said first plurality of users is inhibited, at least temporarily, and thus the quality of interactions between said first plurality of users and said second plurality of users is regulated;

facilitating providing guidance indicia to said one user among said second plurality of users to facilitate a meeting with said at least one user among said first plurality of users.

*See* Ex. B at 32:31-33:9 (emphases added).  Like Count II, Plaintiff's infringement allegations with respect to claim 1 of the '476 patent do not identify how numerous claim elements are met.  And again, for the sake of brevity, this motion will focus only on the most egregious examples.  These claim elements include the following: "**at least one reference point**," "**at least one functionality connected with the session area**," "**at least one interactive networking functionality**," and "**the strongest connection**."  For each, IA does nothing more than repeat the language of the claim.  *See* Ex. F at ¶¶ 114-134.  For example, rather than identify a factual basis for the alleged "**at least one reference point**," the SAC merely rephrases the claim language and inserts the word "geographic" before "reference point":

116.    The session area referenced in Claim 1 of the '476 Patent has specific attributes. It is anchored to at least one reference point, exhibits at least one first set of spatial boundaries associated with the at least one reference point, and is associated with at least one time-related parameter defining at least one functionality connected with said session area.

117.    On information and belief, a Favor Neighborhood has specific attributes. It is anchored to at least one geographic reference point, exhibits at least one first set of spatial boundaries associated with the at least one geographic reference point, and is associated with at least one time-related parameter defining at least one functionality connected with the Favor Neighborhood.

118.    Time-related parameters associated with a Favor Neighborhood may include, but are not necessarily limited to, the hours of a restaurant, a delivery schedule associated with a Favor Runner Mobile Device, or a timer parameter associated with a Favor Runner Mobile Device, as non-limiting examples.

*See* Ex. F at ¶¶ 116-118.  The SAC does not identify what component of the accused system is a "**reference point**" or how "**said session area is anchored to at least one reference point**" as the claim requires.  This same analysis holds for the other deficient claim elements: "**at least one functionality connected with said session area**," "**at least one interactive networking functionality**," and "**the strongest connection**."  *See* Ex. F at ¶¶ 116-118, 125-128.  For each of these claim elements, there is no allegation concerning how these claim elements are found in the allegedly infringing product or service.  Instead, IA simply repeats the language of the claim, which is not a sufficient allegation of patent infringement.

IA's failure to provide any factual support to show *how* the accused product infringes for these various claim renders the SAC defective.  *See Varian*, Civ. No. 15-871-LPS, 2016 WL 3748772, at *4.  And IA's repetitive paraphrasing of the claim language bears no weight in supporting IA's factual allegations.  *See McRo, Inc. v. Rockstar Games, Inc.*, Civ. No. 12-1513-LPS-CJB, 2014 WL 1051527, at *6 (D. Del. Mar. 17, 2014) report and recommendation adopted, 2014 WL 1677366 (D. Del. Apr. 24, 2014); *Macronix*, 4 F. Supp. 3d at 804 (E.D. Va. 2014);

*Novitaz*, Civ. No. 16-cv-06795-EJD, 2017 WL 2311407, at *4 (N.D. Cal. May 26, 2017).   Because

Plaintiff's factual allegations are insufficient to support Plaintiff's claims of infringement and fails

to place NeighborFavor on sufficient minimum notice as to how the accused service infringes this

claim, Count III of Plaintiff's SAC should be dismissed.

**D.      Count I of the SAC Concerning the '610 Patent is Deficient and Should be Dismissed.**

Count I of the SAC alleges infringement of claim 1 of U.S. Patent No. 9,286,610 ("the '610

patent") (Ex. C).  Ex. F at ¶¶ 47-80.  Claim 1 of the '610 patent is:

1.      A machine implemented method for facilitating a prospective business transaction involving a principal, an agent, and a user comprising:

at least partially causing the generation of indicia that a first mobile equipment, that is associated with a user digital identifier, and a second mobile equipment, that is associated with an agent digital identifier, meet a location based criterion, as determined by using at least one microprocessor, wherein said generation of indicia is regulated by at least:

**an agent-user matching algorithm using predefined data selected from the group consisting of**: data indicating a proclivity of said user toward predetermined business transactions, data related to terms of said prospective business transaction, wherein said terms are controlled by said principal, data related to parameters associated to said prospective business transaction, wherein said parameters are controlled by said principal, data related to a brand that is associated with said agent, data related to preferences associated with said user, wherein said preferences are controlled by said user, data related to user generated keywords indicating an explicit interest toward a predefined product, data related to user generated keywords indicating an explicit interest toward a predefined service, data related to patterns associated with said user, data related to attributes associated with said user, data related to locations associated with said prospective business transaction, wherein said locations are controlled by said principal, and combinations thereof; and

a principal-controlled participation condition associated with said agent digital identifier wherein said principal-controlled participation condition selectably enables said second mobile equipment, associated with said agent digital identifier, to participate to said machine implemented method.

*See* Ex. C at 14:27-62 (emphasis added).  The claim includes a Markush group that is defined by the following language: "an agent-user matching algorithm using predefined data **selected from the group consisting of**:" and then lists ten types of predefined data.  *Id.* (emphasis added).

A Markush group — which is denoted by the phrase "selected from the group consisting of" — is *closed* in nature.  This is in contrast to claims or claim elements that are *open* in nature and are typically preceded by the transitional phrase "comprising."  The use of a Markush group in claim language is rare, but the consequences of using a Markush group are well established.  The Federal Circuit has made clear that "[u]se of the transitional phrase 'consisting of' to set off a patent claim element creates a very strong presumption that that claim element is 'closed' and therefore 'exclude[s] any elements, steps, or ingredients not specified in the claim.'"  *Multilayer Stretch Cling Film Holdings, Inc. v. Berry Plastics Corp.*, 831 F.3d 1350, 1358 (Fed. Cir. 2016) (quoting *AFG Indus., Inc. v. Cardinal IG Co., Inc.*, 239 F.3d 1239, 1245 (Fed. Cir. 2001)) (alterations in original).  Here, because the set of predefined data that is used in the agent-user matching algorithm is specified to be part of a *closed* group, this claim element is not practiced unless NeighborFavor's agent-user matching algorithm (a) uses one or more of the ten types of predefined data in the closed group *and* (b) does not use any other types of predefined data.

IA's infringement allegation with respect to the '610 patent is deficient for at least two reasons.  First, IA does not clearly allege that any of the ten predefined data types is used by NeighborFavor or explain how NeighborFavor uses that data type in its "**agent-user matching algorithm**."  And, second, — and for the sake of compliance of the Markush group limitation — IA does not allege that NeighborFavor's "**user-agent matching algorithm**" is limited to only the ten types of data identified in the Markush group limitation.  Without an allegation that NeighborFavor's "**user-agent matching algorithm**" *does not* use any data types beyond the ten

data types listed in the closed group, IA has not set out a claim for infringement.  In *De La Vega*, this Court dismissed an infringement claim for failing to allege how a "coupling" limitation was met.  *See De La Vega*, Civ. No. W-19-cv-00612-ADA, Dkt. 29, pp. 10-13. The same outcome should apply here.  Because Count I of the SAC does not describe how the Markush Group claim limitation is met, this claim element should be dismissed.  For the sake of compliance with the pleading rules, it makes no difference that the missing claim element is the failure to allege compliance with a Markush group limitation.

NeighborFavor recognizes that the use of a Markush group changes the infringement analysis from "includes" to "includes but includes nothing else than" for the "agent-user matching algorithm" claim element.  IA, however, chose to include Markush group language in every independent claim of the '610 patent.  Because IA has not alleged that accused NeighborFavor service includes one or more of the ten predefined data types in the claim, *and no other predefined data types*, IA has not made a complete allegation of infringement as to the '610 patent, and the Court should dismiss Count I from the lawsuit.

## III.    CONCLUSION

For the foregoing reasons, and in view of the fact IA has now had three opportunities to submit a complaint pleading sufficient factual allegations, NeighborFavor respectfully requests that the Court dismiss with prejudice Plaintiff's deficient SAC for failure to state a claim upon which relief can be granted.

Dated: June 8, 2020

Respectfully submitted,

*/s/ Roger Fulghum*
BAKER BOTTS L.L.P.
Roger Fulghum
State Bar No. 00790724
Brandon Chen
State Bar No. 24095814
910 Louisiana
Houston, Texas 77002
Telephone: 713.229.1707
Facsimile: 713.229.2707
Email: roger.fulghum@bakerbotts.com
Email: brandon.chen@bakerbotts.com

Attorneys for Defendant NeighborFavor, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 8th day of June 2020, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(b)(1).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first-class mail on this same date.

/s/ <i>Roger Fulghum</i>
Roger Fulghum
